IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

MATTHEW B. MOONEY,      :

         :    C.A. No. K20C-04-025 WLW

     Plaintiff,      :

         :

v.      :

         :

THE BOEING COMPANY,      :

         :

     Defendant.      :

Submitted: December 10, 2020
Decided: March 25, 2021

**ORDER**

Upon Plaintiff's Motion to Dissolve Stay
and Protective Order.
*Denied.*

Mr. Matthew B. Mooney, *pro se.*

Blake Rohrbacher, Esquire, Kelly E. Farnan, Esquire, Matthew D. Perri, Esquire and Ryan D. Konstanzer, Esquire of Richards Layton & Finger, P.A., Wilmington, Delaware; attorney for Defendant.

Witham, R.J.

Plaintiff, Matthew B. Mooney, Esq. (hereafter "Mooney"), moves to Dissolve Stay and Protective Order, which was granted on September 1, 2020. The Defendant, the Boeing Company (hereafter "Boeing"), responded in opposition on the grounds that Boeing has a Motion to Dismiss pending in this case. For the reasons stated below, Mooney's motion is **DENIED** pending the resolution of the Motion to Dismiss.

## Facts and Procedural Background

1. On April 23, 2020, Mooney filed his complaint against Boeing alleging that Boeing committed fraud by inducing Mooney to invest in company stock after assuring the public that Boeing's latest commercial aircraft, the 737 MAX, was safe. After two fatal crashes of the 737 MAX, Mooney began a series of complex stock trades between March 2019 and March 2020. Mooney's allegation of fraud is based on statements made by Boeing senior executives and officers that Mooney says induced him into making these complex stock purchases.

2. On June 9, 2020, this Court entered a stipulated order extending Boeing's time to respond to Mooney's complaint. The extension gave Boeing until July 31, 2020. On June 23, 2020, Mooney served Boeing with his First Set of Requests for Admissions, Interrogatories, and Requests for the Production of Documents (hereafter "discovery requests"). Under the Superior Court Civil Rules, those discovery requests would have been due on July 23, 2020, but this Court granted Boeing's Motion to Stay and for a Protective Order on September 1, 2020. Superior Court Civil Rule 28(c) "authorizes the Court to regulate discovery and permits the Court to 'make any order which justice requires to protect a party or

2

person from undue burden or expense."'[1]

3. Prior to granting Boeing's request for a stay of discovery requests, Boeing filed its Motion to Dismiss Mooney's complaint. This Court conducted a hearing on the Motion to Dismiss on December 15, 2020, and Mooney filed an amended complaint after that hearing. Boeing has filed a response to Mooney's amended complaint, and a decision on that motion is pending.

4. On November 9, 2020, Mooney filed this Motion to Dissolve Stay and Protective Order on the grounds that new information has come to light showing that statements made during the time period in which Mooney made his complex stock purchases were fraudulent and that discovery specific to Mooney's requests numbered 1, 2, and 3 is warranted. Mooney's request to lift the stay is based on 1) Boeing has produced these same items in other cases to which Boeing is a party and will not be prejudiced in producing them now; 2) the items sought in Mooney's request to dissolve the stay will be inevitably discoverable by Mooney; and 3) the amount of discovery in this case warrants dissolution of the stay and discovery should commence.

5. Boeing's response is based on 1) Mooney will not be prejudiced by waiting until after the Motion to Dismiss has been decided; 2) there is no inevitability of discovery because the Motion to Dismiss is pending; and 3) Boeing was not party to any other case requiring discovery of these documents at the time Mooney made his original discovery request.

---

1 *Mooney v. The Boeing Co.*, C.A. No. K20C-04-025 (Del. Super. Sept. 1, 2020).

3

## Standard of Review

6. The standard of review in deciding this Motion is no different than what it was when this Court granted the original stay and protective order. "Superior Court Civil Rule 26(c) authorizes the Court to regulate discovery and, in the Court's discretion, to 'make any order which justice requires to protect a party or person from...undue burden or expense,' including those that contain 'specified terms and conditions'...'discovery should be permitted to go forward absent a showing by the movant that the Court should exercise its discretion and stay it.' A stay of discovery is appropriate where a 'potentially case dispositive motion is pending, and there is no prejudice to the non-moving party.'"[2]

7. Reaching a determination regarding stays of discovery, the Court should consider several factors including the balancing of efficiency benefits against the risk of prejudice to the nonmoving party, inevitability of the discovery requested, and the length of time of the stay until the dispositive motion is decided.[3]

## Discussion

8. Mooney makes three arguments for lifting the stay and protective order. First, Mooney argues that the prejudice in maintaining the stay of discovery outweighs the burden that Boeing would incur by producing the discovery documents. Second, Mooney claims that the discovery sought is inevitable. Finally, Mooney argues that the amount of discovery in this case is significant and warrants a dissolution of the stay and production of the documents responsive to

---

2 *Anderson v. Airco, Inc.*, 2004 WL 2828208 at *1 (Del. Super. Feb. 23, 2004) (Citations omitted).

3 *Id.*; citing *Szeto v. Schiffer*, 1993 WL 513229 at *2 (Del. Ch. Nov. 24, 1993).

Mooney's first three discovery requests.

9. Mooney's first argument is based on media assertions that Boeing has already produced the documents that address his first three document requests.[4] (However, it must be noted that Mooney's Motion to Dissolve Stay and Protective Order does not show that Boeing has, in fact, produced these documents.[5]) Because Boeing has already produced these documents, Boeing would bear no burden in producing them again in response to his discovery requests and, therefore, the stay should be lifted. Mooney cites *Wilmington Trust Co. v. Boeing Company* (hereafter *"Wilmington Trust Co."*) to assert that "a mere narrowing of discovery to save the parties time and expense does not suffice a warrant to complete stay."[6] He further cites to *Gatz v. Ponsoldt* (hereafter *"Gatz"*) to claim that the amount of discovery sought in this case would prejudice Mooney if there were further delay in production of the documents sought at this time. Finally, Mooney looks to *Kier Construction, Ltd. v. Raytheon Co.* (hereafter *"Kier"*) to assert that a pending dispositive motion is not an automatic grant of a stay of discovery.

10. Boeing counters Mooney's arguments by stating that they were addressed by this Court's September 1, 2020, Order granting the stay of discovery and by distinguishing the cases cited by Mooney from this case. First, Boeing

---

4  Plaintiff's Motion to Dissolve Stay at 2.
5  Plaintiff's Motion to Dissolve Stay at 1 – 2. In Mooney's "Preliminary Statement," he admits that Boeing maintains it has not produced the documents in question. He then goes on to assert that further denials by Boeing constitute an admittance that Boeing has produced the documents.
6  Plaintiff's Motion to Dissolve Stay at 3, citing *Wilmington Trust Co. v. Boeing Company*, 2020 WL 6060434 at *7 (W.D. Wash. Oct. 14, 2020).

points out that *Wilmington Trust Co.* involves a case where all but one of the claims raised by the Plaintiff were dismissed and the discovery production was limited to that singular claim. In this case, there is only one claim on which a motion to dismiss is pending, a claim of fraud. This Court finds Boeing's argument on this point persuasive because the Court in *Wilmington Trust Co.* found that the pending motion to dismiss on which the defendants in that case based their motion for a stay of discovery was not dispositive of the entire case.[7] "The fact that this matter will necessarily proceed on plaintiff's breach of contract claim even with a ruling favorable to Boeing on the motion to dismiss argues against issuing a stay."[8]

11. Mooney's reliance on *Gatz* is also off point because in *Gatz* the Chancery Court, like the court in *Wilmington Trust Co.*, left a single claim remaining after granting a motion to dismiss. The discovery requested by the plaintiffs in that case was in relation to that single remaining claim. The defendants sought a dismissal of that claim and then subsequently requested a stay of discovery until that motion was decided. The Chancery Court was "unconvinced that the motion to dismiss presents a reasonable expectation of avoiding further litigation...because the remaining litigable issue is a narrow one, the potential for undue burden and expense on the defendants is *de minimis* when compared to the prejudice."[9] Unlike *Gatz*, and as stated above, this case involves a pending motion to dismiss that will be dispositive of the entire case. Allowance of discovery at this point would be burdensome.

---

7  *Wilmington Trust Co.*, 2020 WL 6060434 at *2.
8  *Id.*
9  *Gatz v. Ponsoldt*, 2005 WL 820604 at *1 (Del. Ch. April 4, 2005).

12. Boeing argues that Mooney's reliance on *Kier* is unhelpful because the issue in that case as it relates to a motion to stay discovery was made when a motion for summary judgment was pending. The Chancery Court there firmly held "[i]t is black letter law that before a motion for summary judgment is decided, the non-movant must be afforded an opportunity to take all necessary discovery."[10] Motions for summary judgment can only be filed after discovery commences and up to 30 days of its closure, and the Chancery Court in *Kier* held that "the Court may deny the application for summary judgment or grant a continuance until discovery is completed."[11] Discovery in this case has not commenced and will not commence until after this Court's decision in the pending motion to dismiss.

13. Mooney claims that discovery of the items requested will inevitably be produced because these documents have already been produced in other cases against Boeing. Mooney's assertion is based on the approach taken in Delaware allowing discovery to move forward "if discovery is inevitable, either in this forum or another."[12] To be sure, the notion of inevitable discovery has been cited as a reason for denying a motion to stay discovery when a motion to dismiss is pending.[13] However, it inevitability will only preclude a stay of discovery when the litigation involves the same parties, as Boeing pointed out in its response to Mooney's Motion to Dissolve the Stay. "Mooney's citations reference 'inevitability' in the sense that the dismissal motion would merely move the dispute to another forum—so the discovery would inevitably be provided *to the plaintiff* in

---

10 *Kier Construction, Ltd v. Raytheon Co.*, 2002 WL 31583266 at *2 (Del. Ch. Nov. 4, 2002).
11 *Kier Construction, Ltd*, 2002 WL 31583266 at *1.
12 *Bonham v. HBW Holdings, Inc.*, 2005 WL 2335464 at *2 (Del. Ch. Sept. 20, 2005).
13 *Szeto*, 1993 WL 513229 at *2.

7

one of the fora."[14] In other words, the inevitability of discovery must be inevitable to the plaintiff who is a party to the litigation. Mooney cites to *Bonham v. HBW Holdings, Inc* where the Court in that case said the same thing. "A stay in such circumstances [where the same plaintiff will be granted discovery in one of two fora] would not be efficient because the parties would be obligated under the authority of another forum to continue with virtually the same discovery."[15]

14. Mooney's final argument is that discovery in this case is going to be significant involving a large number of documents through which he will have to analyze in preparation for trial. Mooney points to the findings of a U.S. House of Representatives report indicating that "Boeing withheld crucial information from the FAA, its customers, and 737 MAX Pilots."[16] However, Mooney cannot point to any litigation already pending when he made his original discovery requests, and, "as Boeing argued in its Stay Motion, there has been no discovery in any potentially similar litigation."[17]

15. Where Boeing has produced documents, the litigation at the heart of such production has been required by law, as is the case in the U.S. District Court for the Northern District of Illinois.[18] Additionally, Boeing notes that there has been no discovery with regard to any of the actions against Boeing referenced by Mooney, including *Wilmington Trust Co.*[19] The burden on Boeing would be the necessity of tailoring the production to the specific requests of Mooney. Because

---

14 Defendant's Opposition to Lift Stay at n 2.
15 *Bonham*, 2005 WL 2335464 at *2.
16 Plaintiff's Motion to Dissolve Stay and Protective Order at 5.
17 Defendant's Opposition to Lift Stay at ¶11.
18 *Id.* at n 4.
19 *Id.* at ¶11; see also *Id.* at n 4.

Mooney's complaint is unlike any other litigation involving Boeing and the 737 MAX, nothing produced by Boeing to this point is germane to the specific requests of Mooney.

### Conclusion

16. Mooney has raised the notion that new information related to other actions against Boeing necessitate lifting this Court's grant of a stay of discovery on September 1, 2020. However, Mooney has pointed to nothing specific to his case that would justify lifting the stay of discovery pending this Court's decision regarding Boeing's Motion to Dismiss. Boeing continues to preserve all the documents and information Mooney seeks in discovery, so there is no risk of losing the information during the time taken to decide Boeing's Motion to Dismiss. There is no reason given by Mooney in his Motion to Dissolve Stay and Protective Order to warrant such a move by this Court. This Court's decision on the motion to dismiss the Amended Complaint must be decided first.

**WHEREFORE**, because of the reasons explained above, this Court **DENIES** Plaintiff's Motion to Dissolve Stay and Protective Order issued by this Court on September 1, 2020.

**IT IS SO ORDERED**.

/s/ *William L. Witham, Jr.*
Resident Judge

WLW/dmh

9